**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 10, 2024

**BY ECF**
Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **United States v. Virginia Marisol Lemus Recinos**
     **23 Cr. 464 (AS)**

Dear Judge Subramanian:

I write to respectfully ask that the Court modify Ms. Lemus Recinos' bail conditions to remove her curfew. For the reasons set forth below, a curfew is not necessary to ensure Ms. Lemus Recinos' return to court or the safety of the community, and thus continuing her curfew violates both the Bail Reform Act and the Excessive Bail Clause of the Constitution. Pretrial Services ("Pretrial") opposes this request, and the government defers to them.

### I.     Factual Background

Ms. Lemus Recinos – a single mother and repeat victim of gender-based violence, with no history of nonappearance – was arrested and presented on this case on August 8, 2023.  She was charged with drug distribution based on an allegation that, on a single occasion, she agreed to deliver a package that contained drugs. Upon arrest, she cooperated with police and stated she delivered the package because she was told she would be paid $4,000. As an alleged low-level drug courier with no aggravating circumstances, she is eligible for the safety valve.

Following presentment, the Magistrate Judge Gorenstein ordered Ms. Lemus Recinos released on conditions that included, *inter alia*, a $50,000 personal recognizance bond secured by two co-signers, pretrial supervision as directed, home detention, and location monitoring. Ms. Lemus Recinos was permitted to be on supervision in Manassas, Virginia, where she resides with her minor daughter, for whom she is the sole caretaker and provider.

Since her release, Ms. Lemus Recinos has complied fully with her bail conditions. On April 1, 2024, the Court modified those conditions on the consent of all parties, replacing the condition of home detention with a curfew. *See* ECF No. 17.

Ms. Lemus Recinos has now spent over a year on supervision fully complying with her bail conditions, and over five months adhering to the curfew without incident. She seeks a modification to remove that curfew, and instead allow her to be on standalone electronic location monitoring, because the curfew is severely restricting her ability to find employment. Until early July 2024, Ms. Lemus Recinos worked for a local business that did painting and house renovation. She lost that job, however, when her employer's company was shut down, and has been seeking employment ever since. In the two months, she has only been able to find jobs that require her to work during her curfew hours of 9pm-6am and not at a fixed address, such as cleaning offices or businesses at night. She has asked her Pretrial officer in Virginia if she can accept such jobs and has been told that absent a modification by the Court she cannot.

Ms. Lemus Recinos has now been out of work since July. She is behind on rent and facing eviction from the apartment she shares with her minor daughter.

Pretrial confirms that Ms. Lemus Recinos has fully complied with her bail conditions. It opposes this request nonetheless, apparently on the basis that it believes a curfew would not impede a person's ability to find employment. As noted above, Ms. Lemus Recinos' Pretrial officer in Virginia has advised her that getting a job during her curfew hours would require a bail modification. That person has also advised Ms. Lemus Recinos to seek employment during the daytime hours, though to date Ms. Lemus Recinos has not been able to find such a job.

II. Argument

The Bail Reform Act requires this Court to impose the least restrictive conditions necessary to ensure a person's return to court. 18 U.S.C. § 3142(c)(1)(C). Unnecessarily restrictive bail conditions violate not only the Bail Reform Act but also the Excessive Bail Clause of the Eighth Amendment. See *Kabba v. Barr*, 403 F. Supp. 3d 180, 190 (W.D.N.Y. 2019) (citing *United States v. Salerno*, 481 U.S. 739, 754(1987).

A curfew with electronic monitoring "impinge[s] on a constitutionally-protected liberty interest." *United States v. Arzberger*, 592 F. Supp. 2d 590, 600 (S.D.N.Y. 2008). Accordingly, a Court must consider whether such a condition is necessary to ensure a defendant's appearance at trial and the safety of the community, in order

to address the "great risk that an arrestee will be deprived of [her] liberty erroneously." *Id.* (internal quotes omitted).

    Since Ms. Lemus Recinos lost her job in July, the curfew has severely limited her ability to find another job and support herself and her daughter.  Most imminently, her lack of employment is threatening her ability to maintain a roof over her and her daughter's head. On the other side of the leger, there is no evidence whatsoever that a curfew is necessary to ensure Ms. Lemus Recinos' return to Court or the safety of the community. Ms. Lemus Recinos has no history of nonappearance or violence, she is not charged with a violent offense, and Pretrial confirms she has fully complied with her bail conditions for over a year. Moreover, contrary to representations the government made at her initial presentment, she is not in active removal proceedings and was in fact granted relief by the immigration court. She also has a pending application for asylum in the United States, where she has lived since 2013, giving her every incentive to appear in Court.

    Finally, Ms. Lemus Recinos does not ask the Court to remove her ankle monitor; rather, she simply asks the Court to lift the curfew condition so she can work outside the home at night.  Thus, to the extent the Court, the government, or Pretrial has any lingering concern about flight risk, electronic location monitoring, combined with ongoing Pretrial supervision and the bond and co-signers in place, mitigate that concern. I therefore respectfully ask that the Court grant Ms. Lemus Recinos' request for a bail modification over Pretrial's objection.

Respectfully submitted,

/s/
Hannah McCrea
Assistant Federal Defender
Hannah_McCrea@fd.org

CC:    AUSA Edward Robinson
        USPO Francesca Piperato
        USPO Vakida J. Wilson

The application to lift the curfew condition is granted.  The Court extended the opportunity to the Government and Pretrial to voice their objections to the Court, and no submission was made. For the reasons stated in the application, the Court finds that continuance of the curfew condition is unnecessary to reasonably assure the appearance of the defendant or the safety of the community.  The Clerk of Court is directed to terminate the motion at ECF No. 26. SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 18, 2024